**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-50710

Jennifer Casey, et al.,

Plaintiffs/Appellants/Cross-Appellees,

VERSUS

Rainbow Group, Ltd. and Alan Sager,

Defendants/Appellees/Cross-Appellants.

Appeal from the United States District Court
For the Western District of Texas

(A-93-CV-556)

February 19, 1997

Before GARWOOD, BARKSDALE AND DENNIS, Circuit Judges.[1]

DENNIS, Circuit Judge:

The Plaintiffs/Appellants/Cross-Appellees in this case, as representatives of a class, challenge two rulings of the district court: 1) a final judgment, entered August 31, 1995, dismissing plaintiffs' case with prejudice; and, 2) an order, entered December

---

[1] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

9, 1993, denying plaintiffs' motion to remand. Defendants/Appellees/Cross-Appellants appeal the final judgment to the extent that the court required each party to bear its own costs.[2]

The issue before this court is one of federal question jurisdiction. The complaint which led to removal from state court alleged a cause of action for breach of contract supported by two separate theories. The second theory relied, in part, on Fair Labor Standards Act ("FLSA") requirements that were allegedly incorporated into oral contracts made between the parties. *See* 29 U.S.C. § 201 *et seq*. On this basis, the defendants removed the case to federal court. Because we find that the district court lacked subject matter jurisdiction, we vacate the district court's orders with directions to remand the action to state court.

## Facts and Proceedings Below

On February 20, 1992, Josephine Johnson, Jennifer Casey, Seantel Wilmes, and Ava Lott filed suit in Texas state court alleging breach of contract by the defendants, Rainbow Group, a limited partnership, and Alan Sager, its general partner. Rainbow Group operates a franchise of discount hair cutting establishments

---

[2] The defendants' notice of cross-appeal indicates dissatisfaction with two additional rulings of the court. However, the defendants did not advance any arguments related to these matters in their briefs, and thus we consider the issues waived. Fed. R. App. P. 28(a); *see also Carmon v. Lubrizol Corp.*, 17 F.3d 791 (5th Cir. 1994).

known as "Supercuts" throughout Texas though mainly concentrated in the Austin area. Plaintiffs moved for class certification, and in July of 1993, their request was granted, allowing for representation of "[a]ll hairstylists employed by Defendants Rainbow Group, Ltd. and Alan Sager at anytime between February 20, 1988 and the present." The court then granted defendants' previously filed special exceptions which asserted, *inter alia*, that the original complaint failed to plead all of the elements necessary to demonstrate a breach of contract. *See* Tex. R. Civ. P. 91.

Plaintiffs' response, filed on August 26, 1993, developed the claim in more detail. Specifically, plaintiffs alleged that: 1) oral contracts between the plaintiffs and the defendants "provided that hairstylists would be paid for all hours during which they were required to be at their prescribed place of work;" 2) "[i]n addition, or in the alternative," the contracts were required by law, "including the Fair Labor Standards Act, 29 U.S.C. § 207 and 29 C.F.R. Part 778," to provide the same; and, 3) that defendants breached the agreements by refusing to pay for time spent waiting for customers and time devoted to mandatory meetings.

On the basis of the second petition, defendants removed the case to federal court asserting that it presented a federal question. Plaintiffs filed a motion for remand. By the consent of the parties, the remainder of the case, including plaintiffs'

motion, was heard by a magistrate judge (hereinafter "court" or "judge"). The court, without elaboration, denied remand.

During the four-day proceeding which followed, the court heard testimony related to Supercuts managers' keeping plaintiffs "off the clock" -- i.e. not allowing the plaintiffs to count hours on their timesheets despite being present at the work site. The judge ruled that: 1) the practice of holding stylists off the clock was so routine as to constitute a modification of the contracts; and, 2) the FLSA did not establish any of the terms of the contracts. The court made it clear that it considered the plaintiffs' cause of action to be for breach of contract only, yet it "reaffirm[ed]" that it had subject matter jurisdiction "to determine whether the Plaintiffs are entitled to relief under the FLSA." Plaintiffs now appeal.

## Standard of Review

The denial of a motion to remand an action removed from state to federal court is a question of both federal subject matter jurisdiction and statutory construction and is therefore reviewed by this court *de novo*. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)(citation omitted). The burden of establishing federal jurisdiction over a state court suit is placed on the defendant. *Id*.

## Discussion

The right to remove a case to federal court derives from the

4

statutory grant of jurisdiction in 28 U.S.C. § 1441.  The statute allows for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Here, there is no allegation of diversity of citizenship between the parties, and therefore removal must be predicated upon the federal question jurisdiction of the district courts.  This requirement usually implicates § 1331 of the Judicial Code.  Section 1331 grants original jurisdiction for "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Because the FLSA is potentially involved in this action, we look to § 1337, which provides for original jurisdiction "of any civil action or proceeding arising under any Act of Congress regulating commerce."[3] However, for our purposes, the distinction is irrelevant in light of the fact that courts "have not distinguished between the 'arising under' standards of § 1337 and § 1331." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8 n.7 (1983); *see also Beers v. North Am. Van Lines, Inc.*, 836 F.2d 910, 913 n.1 (5th Cir. 1988).

The question is thus reduced to determining whether the plaintiffs' action will be considered to "arise under" the FLSA.

---

[3]  28 U.S.C. § 1337(a).  *See, e.g., Brown v. Masonry Prod. Inc.*, 874 F.2d 1476, 1478 (11th Cir. 1989)(ruling that the court had jurisdiction of a Fair Labor Standards Act claim under § 1337 regardless of amount in controversy or diversity of citizenship and citing cases in accord), *cert. denied*, 493 U.S. 1087 (1990).

Unfortunately, the meaning of this seemingly simple standard has resisted all efforts by the courts to arrive at a coherent, easily applicable characterization. As noted by Wright and Miller, "[t]he most difficult single problem in determining whether federal question jurisdiction exists is deciding when the relation of federal law to a case is such that the action may be said to be one 'arising under' that law." 13B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3562 (1984)(footnotes omitted). The phrase "masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system." *Franchise Tax Bd.*, 463 U.S. at 8(footnote omitted).

### Well-Pleaded Complaint

We begin our inquiry with the cornerstone to any determination of jurisdiction: the well-pleaded complaint rule. The rule provides that a plaintiff's well-pleaded complaint alone -- not the removal petition or a defendant's responses -- determines the existence of a federal question. *E.g., Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Carpenter,* 44 F.3d at 366. Thus, as throughout our jurisprudence, the plaintiff is the master of his complaint. *Carpenter*, 44 F.3d at 366 (citations omitted). He is free to proceed in state court and ignore claims that could have been asserted under federal law. Of course, this carries the risk of federal claims being precluded, but it does not

provide a handhold by which a defendant can haul a suit into federal court. *Id*. (citations omitted).

The plaintiffs asserted in their amended petition that "oral employment contracts" provided that stylists "be paid for all hours during which they were required to be at their prescribed place of work." They also claimed that:

> In addition, or in the alternative, the contracts offered to hairstylists were required by law, including the Fair Labor Standards Act, 29 U.S.C. § 207 and 29 C.F.R. Part 778, to offer payment at the specified hourly rate for all hours during which stylists were required to be at a prescribed place of work. This legal requirement, incorporated into the stylists [sic] work contracts as a matter of law, could not be waived by the hairstylists.

Finally, they alleged that these terms were violated and prayed for compensation. It is evident from the petition that plaintiffs' claim for breach of contract is premised on two alternate theories. Obviously, the second has at least some relation to federal law. However, the first theory, that oral contracts created the obligation to pay the plaintiffs for all hours spent on-site, is grounded purely in state law and indicates no reliance on federal standards.

Whether such a scenario can provide for federal jurisdiction was squarely addressed by this court in *Willy v. Coastal Corp.*, 855 F.2d 1160 (5th Cir. 1988). Relying on the Supreme Court's decision in *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988), the court in *Willy* recognized that the "'well-pleaded

7

complaint rule . . . focuses on claims, not theories.'" *Willy,* 855 F.2d at 1170 (quoting *Christianson,* 486 U.S. at 811). When the federal aspect of a plaintiff's claim "is not necessary to the overall success" of the claim, it cannot be said to "arise under" federal law. *Christianson*, 486 U.S. at 810; *see also Willy*, 855 F.2d at 1170-71. In this case, the plaintiffs could prevail solely on their allegation that oral contracts specifically provided that they be paid for the hours in dispute, and it is of no concern to this court which theory ultimately proves successful. In light of our decision in *Willy*, it is clear that the plaintiffs' allegations on their face do not allow for federal question jurisdiction. *See also Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir 1996)(citing *Willy*).

<u>Artful Pleading</u>

The well-pleaded complaint rule, although firmly established and fundamental to a determination of jurisdiction, has not survived inviolate. In certain instances "where the plaintiff necessarily has available no legitimate or viable state cause of action, but only a federal claim, he may not avoid removal by artfully casting his federal suit as one arising exclusively under state law." *Carpenter*, 44 F.3d at 366. Thus, if the defendants here can demonstrate that the plaintiffs' claim is in fact federal in character, federal jurisdiction will stand. This corollary to the well-pleaded complaint rule is most often applied in the

8

context of "complete preemption."[4]  Although federal preemption alone ordinarily serves only as a defense, it occasionally "may so forcibly and completely displace state law that the plaintiff's cause of action is either wholly federal or nothing at all." *Carpenter*, 44 F.3d at 366.

Since its inception, courts have applied the complete preemption doctrine sparingly and usually with great reluctance. In fact, the Supreme Court has clearly sanctioned its use in only three instances.  *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987)(finding that § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA") completely preempted a plaintiff's common law contract and tort claims); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557 (1968)(finding that § 301 of Labor Management Relations Act of

---

[4]  Case law within this circuit also indicates that a plaintiff's motive in asserting a preempted state law cause of action can be relevant to a determination that he has "artfully pled." *See Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1161 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990).  Defendants do not affirmatively argue that the plaintiffs fraudulently concealed a federal claim, although they do state in their brief that they do not consider the purely state law theory to be "viable."  We acknowledge that, prior to filing this case, the plaintiffs did allege a claim under the Fair Labor Standards Act in federal court before voluntarily moving for dismissal.  However, this, standing alone, will not support a finding of federal jurisdiction, and we find no other evidence indicating forum manipulation.  *Cf. Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 369 n.7 (5th Cir. 1995)(reading the Supreme Court's decision in *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987), as suggesting that the artful pleading doctrine "should be limited to cases involving complete preemption of the state cause of action").

1947 ("LMRA") completely preempted a plaintiff's action to enjoin a strike which was allegedly in violation of a collective bargaining agreement); *see also Oneida Indian Nation v. County of Oneida*, 414 U.S. 661 (1974)(finding complete preemption for a state law complaint asserting a right of possession to Indian tribal lands). Although its boundaries and precise contours remain somewhat unsettled, our circuit and the Supreme Court have provided enough guidance for us to find that the FLSA will not satisfy the daunting standard required to completely preempt plaintiffs' breach of contract claim.

Complete preemption was first enunciated by the Supreme Court in *Avco* and is sometimes referred to as the "*Avco* exception." The Court, without extensive discussion, ruled that based upon § 301 of the LMRA federal jurisdiction existed over a suit seeking an injunction under state law for the breach of a collective bargaining agreement. *Avco,* 390 U.S. at 560. The court did not revisit the issue of complete preemption in any depth until 1983 when, in *Franchise Tax Board*, the Court explained that the result in *Avco* occurred because "the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" *Franchise Tax Bd.,* 463 U.S. at 23 (footnote omitted). Later cases have only re-emphasized the doctrine's limited nature. The Court in *Taylor* observed that even with the

10

"unique pre-emptive force of ERISA" it was "reluctant" to find the "extraordinary pre-emptive power" required for federal jurisdiction. *Taylor*, 481 U.S. at 65. The Court was convinced only after observing that ERISA's jurisdictional grant closely mirrors that of § 301 of the LMRA and noting specific references to § 301 in the legislative history of ERISA. *Id*. at 65-67; *see also Caterpillar Inc. v. Williams,* 482 U.S. 386 (1987) (reiterating the powerful preemptive force necessary to convert a state law claim).

We consider *Taylor* to be a narrow extension of *Avco* and the result in *Avco* itself to be a narrow exception to the rule that preemption is normally only a defensive issue and does not authorize removal. *Willy*, 855 F.2d at 1166. To find otherwise would eviscerate what remains of the well-pleaded complaint rule, and our holdings, through their rejection of a wide-ranging complete preemption doctrine, indicate an unwillingness to do so. *See, e.g., Anderson v. Am. Airlines, Inc.,* 2 F.3d 590, 597 (5th Cir. 1993)(refusing to apply complete preemption to a retaliatory discharge claim through either the Railway Labor Act or the Federal Aviation Act); *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1165-66 (5th Cir. 1989)(refusing to apply complete preemption to a wrongful death claim through § 5 of the Longshore and Harbor Workers' Compensation Act), *cert. denied*, 493 U.S. 1074 (1990); *Willy*, 855 F.2d at 1166 (refusing to apply complete preemption to wrongful discharge claim through a number of federal environmental

11

laws); *Beers*, 836 F.2d at 913 n.3 (refusing to apply complete preemption to a number of state law claims through the Carmack Amendment to the Interstate Commerce Act); *cf. Trans World Airlines v. Mattox,* 897 F.2d 773, 787-88 (5th Cir.)(applying complete preemption to the Texas Attorney General's Texas Deceptive Trade Practices Act claim through § 1305(a)(1) of the Airline Deregulation Act), *cert. denied*, 498 U.S. 926 (1990).

The driving force behind federal question preemption is that the plaintiff has "*no state claim at all*" and an examination of the appropriate federal statute "reveals the suit's necessary federal character." *Carpenter*, 44 F.3d at 367 (emphasis in original). This requires that a federal statute not only preclude a state claim, but that it also evince an intent that such claims should proceed in a federal forum. Thus, before endorsing a finding of complete preemption outside of the LMRA, we demand a clearly manifested congressional intent to make state claims removable to federal court. *See Beers*, 836 F.2d at 913 n.3.

The FLSA was enacted in 1938 in order to "establish and gradually raise minimum wages." *Fleming v. A.H. Belo Corp.*, 121 F.2d 207, 212 (5th Cir. 1941), *aff'd,* 316 U.S. 624 (1942). The liability provisions of the act are contained in section § 216 and are confined to providing reparation for "unpaid overtime compensation" and "unpaid minimum wages." 29 U.S.C. § 216(b). The statute contains no indication of express preemption, let alone one

12

that equals the "unique preemptive force" of ERISA. Moreover, neither the act itself nor its legislative history reveals a "manifest congressional intent" to allow removal of state law claims. Under the circumstances, we decline to find that complete preemption should apply to the case before us. *Cf. Morales v. Showell Farms, Inc.,* 910 F.Supp. 244 (M.D.N.C. 1995)(declining to find that the FLSA completely preempted a plaintiff's state wage and hour claims); *Fitzwater v. Namco Am., Inc.*, 1994 WL 809642 (N.D. Cal. Aug. 15, 1994)(declining to find that the FLSA completely preempted a plaintiff's claim for wrongful termination). We emphasize that we are ruling only that complete preemption does not exist, and we do not decide the issue of whether the plaintiffs' claim is preempted in the ordinary sense.

## Conclusion

We hold that the district court lacked subject matter jurisdiction and denial of the motion to remand was improper. We therefore VACATE the judgment of the court and REMAND the case to the district court with the instruction that it remand to state court.[5]

---

[5] Plaintiffs make a claim for fees incurred due to the remand. It is within the discretion of the district court to award fees concomitant with an order remanding a case to state court. *See* 28 U.S.C. 1447(c). Because the district court has yet to confront the issue, we prefer to reserve any consideration of the matter. *See Miranti v. Lee*, 3 F.3d 925 (5th Cir. 1993) (discussing the applicable standards under § 1447(c)).