# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2021

Lyle W. Cayce
Clerk

No. 20-60311

Mary Aldridge; Ben Alexander; Tara Alexander;
Barbara Allen; Theodore Ambrose; Et al,

*Plaintiffs—Appellants*,

*versus*

Mississippi Department of Corrections; State of
Mississippi; Burl Cain, Commissioner, Mississippi
Department of Corrections; Tate Reeves, In his
official capacity as Governor of the State of
Mississippi; John Doe Defendants 1-25,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CV-868

Before Wiener, Dennis, and Duncan, *Circuit Judges*.
Wiener, *Circuit Judge*:

The issue presented here is one of first impression in our circuit, *viz.*, does the Fair Labor Standards Act preempt redundant state law tort claims for unpaid minimum wages and overtime compensation when the state's law does not provide for minimum wages and overtime compensation? We join the Fourth Circuit in answering "yes," and therefore affirm.

No. 20-60311

* * *

The Fair Labor Standards Act of 1938 ("FLSA" or "Act") created "a comprehensive federal wage-and-hour scheme."[1] Congress enacted the FLSA to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."[2] The principal purpose of the Act is "to protect all covered workers from substandard wages and oppressive working hours."[3] "[T]he FLSA was designed to give specific minimum protections to individual workers and to ensure that each employee covered by the Act would receive '"[a] fair day's pay for a fair day's work"' and would be protected from 'the evil of "overwork" as well as "underpay."'"[4]

Workers covered by the Act are entitled to a minimum wage and overtime compensation.[5] Importantly for this case, the Act contains its own enforcement mechanism: Employees have a private right of action against employers for unpaid minimum wages and overtime compensation.[6] The Act also contains a "savings clause" which states: "No provision of this chapter or of any order thereunder shall excuse noncompliance with any . . . State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum workweek

---

[1] *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 139 S. Ct. 1881, 1882 (2019); *see also* 29 U.S.C. § 201 *et seq.*

[2] 29 U.S.C. § 202(a).

[3] *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981).

[4] *Id.* (quoting *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578 (1942)) (second alteration in original) (emphasis omitted).

[5] 29 U.S.C. §§ 206–07.

[6] *Id.* § 216(b).

No. 20-60311

lower than the maximum workweek established under this chapter . . . ."[7] The Act also includes an anti-retaliation provision, which prohibits employers from retaliating against employees for filing complaints about violations of the FLSA.[8]

Circuit courts are all over the map on whether plaintiffs may bring state law claims in addition to FLSA claims for the same conduct, but one thing is consistent based on the facts of each case: The answer depends on the nature of the state law cause of action and whether there is an equivalent FLSA cause of action. The Ninth Circuit has said that an employee may bring a state law cause of action for fraud and misrepresentation in addition to an FLSA claim because the anti-retaliation provision does not include a cause of action for fraud or misrepresentation.[9] The Fourth Circuit, on the other hand, has stated that the FLSA precludes state law claims for unpaid minimum wage and overtime compensation when the state's law does not provide for minimum wages and overtime compensation because the FLSA provides a cause of action for such nonpayments.[10] The common thread is this: When the FLSA provides a remedial measure, it conflicts with similar

---

[7] *Id.* § 218(a).

[8] *Id.* § 215(a)(3).

[9] *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1147, 1157 (9th Cir. 2000).

[10] *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 191–95 (4th Cir. 2007). The First Circuit has similarly concluded that an employee may not sue under state law and the FLSA for unpaid minimum wage and overtime compensation. *See Roman v. Maietta Constr., Inc.*, 147 F.3d 71, 76 (1st Cir. 1998). We find the First Circuit's reasoning persuasive but note that the facts of the case are distinguishable because Maine has a state law minimum wage and overtime compensation provision. *See id.* at 76. Whether the FLSA preempts state law claims when the state does provide for minimum wages and overtime compensation is not before us, so we save that issue for a different day.

No. 20-60311

state law causes of action and thus preempts them; when the FLSA does not provide a remedial measure, there is no preemption.

This does not mean that the FLSA provides the exclusive relief for these types of actions. In fact, the FLSA's savings clause states that the Act is not meant to prevent compliance with state laws.[11] So, employees may bring a state law cause of action for unpaid minimum wages and overtime-compensation, if the law in their state allows for that, or a cause of action under the FLSA, but not both.[12] The principle on which this is based—conflict preemption—we discuss in our opinion today.

## I. Background

The facts of this case are not complex, because Plaintiffs-Appellants provide few facts to support their claims. The Plaintiff class consists of 890 current and former employees of the Mississippi Department of Corrections ("Employees"). Employees sued Defendants-Appellees, the Mississippi Department of Corrections, the State of Mississippi, the Department of Corrections Commissioner in her official capacity, and the Governor of Mississippi (together, the "DOC") in Mississippi state court, asserting violations of the FLSA and state law. Specifically, Employees alleged that the DOC failed to properly calculate and dispense wages, including overtime wages, for hours worked. Employees claimed that the DOC was negligent, negligent *per se*, and grossly negligent for failing to comply with both the FLSA and Mississippi state law. Employees also alleged negligent and intentional infliction of emotional distress, conversion, civil conspiracy to commit civil conversion, reckless disregard for the rights and safety of the employees, and *res ipsa loquitur*, without mentioning the FLSA in these

---

[11] *See* 29 U.S.C. § 218(a).

[12] *See*, *e.g.*, *Roman*, 147 F.3d at 76; *Anderson*, 508 F.3d at 191–95.

No. 20-60311

claims, but all based on failure to pay minimum wages and overtime compensation, which is only covered by the FLSA in Mississippi. Employees lastly alleged violations of the FLSA, presumably because Mississippi law does not provide for minimum wages or overtime compensation.[13] They listed various parts of the FLSA with which they claimed the DOC did not comply, but they failed to list any specific state laws with which the DOC did not comply.

After the DOC removed the case to federal court, and after that court denied Employees' motion to remand, the district court concluded that the DOC was entitled to sovereign immunity on the FLSA claims. That court also held that all of Employees' state law claims arose out of violations of the FLSA and were thus preempted. Employees then filed a motion to amend their complaint without attaching a new complaint or explaining what facts they would add in an amended complaint. The district court denied the motion to amend because the employees did not show how an amendment would change the conclusion that the FLSA preempted their claims. Employees timely appealed.

## II. Standard of Review

We review a district court's dismissal under Federal Rule of Civil Procedure 12(c), applying the same *de novo* standard as to a Rule 12(b)(6) motion to dismiss.[14] "[T]he central issue is whether, in the light most

---

[13] *See State Minimum Wage Laws*, U.S. DEP'T OF LABOR, http://www.dol.gov/agencies/whd/minimum-wage/state (last updated Jan. 1, 2021); Steve P. Calandrillo & Taylor Halperin, *Making the Minimum Wage Work: An Examination of the Economic Impact of the Minimum Wage*, 22 STAN. J.L. BUS. & FIN. 147, 160 (2017) [hereinafter, Calandrillo & Halperin, *Making the Minimum Wage Work*].

[14] *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019).

No. 20-60311

favorable to the plaintiff, the complaint states a valid claim for relief."[15] We accept all factual allegations in the pleadings as true.[16] However, the plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face."[17]

## III. Discussion

Employees contend that their state law claims are not preempted by the FLSA.[18] They also assert that the district court erred in dismissing their claims with prejudice and denying them leave to amend.

## A. Preemption

We review the preemptive effect of a federal statute *de novo*.[19]

The Supremacy Clause of the United States Constitution renders federal law the "supreme Law of the Land."[20] The doctrine of federal preemption that arises out of the Supremacy Clause requires that "any state

---

[15] *Doe v. MySpace*, 528 F.3d 413, 418 (5th Cir. 2008) (alteration in original) (quoting *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)).

[16] *Hughes*, 278 F.3d at 420.

[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[18] The district court incorrectly noted that the employees "implicitly acknowledge" that state law claims are preempted by the FLSA to the extent they are predicated on violations of the FLSA. Contrariwise, the employees contended in their response to the DOC's motion to dismiss that the court should "follow other Fifth Circuit district courts and their findings that the" FLSA does not preempt state law claims. Therefore, the employees' argument is not waived.

[19] *Franks Inv. Co. LLC v. Union Pac. R.R. Co.*, 593 F.3d 404, 407 (5th Cir. 2010).

[20] U.S. CONST. art. VI, cl. 2.

law, however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield."[21]

There are three types of federal preemption: (1) express preemption; (2) field preemption; and (3) conflict preemption.[22] We have previously held that the FLSA does not contain express preemption language,[23] and we find no reason to depart from that conclusion. We have not, however, considered whether the other two forms of preemption apply to redundant state law claims for unpaid minimum wages and overtime compensation.

Under field and conflict preemption, which are both forms of implied preemption, "a state claim is preempted where [1] 'Congressional intent to preempt is inferred from the existence of a pervasive regulatory scheme or . . . [2] 'state law conflicts with federal law or interferes with the achievement of federal objectives.'"[24] Field preemption exists when (1) "the scheme of federal regulation is sufficiently comprehensive to make reasonable the inference that Congress 'left no room' for supplementary state regulation," or (2) "where the field is one in which 'the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'"[25] Circuit courts have consistently held that there is no field preemption in the FLSA, or they have declined to weigh in on that

---

[21] *Felder v. Casey*, 487 U.S. 131, 138 (1988) (quoting *Free v. Bland*, 369 U.S. 663, 666 (1962)).

[22] *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992); *Hillsborough Cnty., Fla. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 713 (1985).

[23] *See Casey v. Rainbow Grp., Ltd.*, 109 F.3d 765, *5 (5th Cir. 1997) (unpublished) (finding "no indication of express preemption" in the FLSA).

[24] *Witty v. Delta Air Lines, Inc.*, 366 F.3d 380, 384 (5th Cir. 2004) (quoting *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 335 n.1 (5th Cir. 1995) (en banc)).

[25] *Automated Med. Labs.*, 471 U.S. at 713 (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)).

issue.[26] We agree that there is no field preemption in the FLSA because of the FLSA's "savings clause," which clearly requires that employers also comply with state laws.

We therefore turn to conflict preemption. Conflict preemption, which is not "rigidly distinct"[27] from field preemption, is present when (1) "compliance with both state and federal law is impossible," or (2) state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."[28] "[B]oth forms of conflicting state law are 'nullified' by the Supremacy Clause . . . ."[29]

"'[T]he purpose of Congress is the ultimate touchstone' of preemption analysis."[30] We "start[] with the basic assumption that Congress did not intend to displace state law."[31] Congress's intent may be express or implied,[32] but unlike field preemption, conflict preemption does not require "a specific, formal agency statement identifying conflict in order to conclude that such a conflict in fact exists."[33]

---

[26] *See*, *e.g.*, *Anderson*, 508 F.3d at 191 n.10 (holding that field preemption is "inapposite"); *Williamson*, 208 F.3d at 1151 (concluding that there is no field preemption in the FLSA because of the savings clause); *Roman*, 147 F.3d at 76 (failing to analyze field preemption).

[27] *English v. Gen. Elec. Co.*, 496 U.S. 72, 79 n.5 (1990).

[28] *California v. ARC Am. Corp.*, 490 U.S. 93, 100–01 (1989) (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)).

[29] *Geier v. Am. Honda Motor Co., Inc.*, 529 U.S. 861, 873 (2000).

[30] *See Cipollone*, 505 U.S. at 516 (alteration in original) (quoting *Malone v. White Motor Corp.*, 435 U.S. 497, 504 (1978)); *see also Planned Parenthood of Hous. & S.E. Tex. v. Sanchez*, 403 F.3d 324, 336 (5th Cir. 2005).

[31] *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981).

[32] *Cipollone*, 505 U.S. at 516.

[33] *Geier*, 529 U.S. at 884.

No. 20-60311

Here, it is clear that there is a conflict. Congress's intent in enacting the FLSA was to protect workers from unfair working conditions and from receiving inadequate pay.[34] Employees in this case have a private right of action under the FLSA against employers for unpaid minimum wages and overtime compensation.[35] It is not "impossible" to comply with both federal and state law unpaid minimum wages and overtime compensation requirements, the first instance in which conflict preemption applies.[36] However, "[t]he rule of state tort law for which [Employees] argue would stand as an 'obstacle' to the accomplishment of that objective," namely, protecting workers from overwork and underpayment.[37] In other words, the purposes of the two laws overlap with each other and thus the federal law must control. We know this because

> Congress's intention to create exclusive remedies was clear in that 'the FLSA mandates that the commencement of an action by the Secretary of Labor terminates an employee's own right of action'—a special feature of the FLSA's enforcement scheme . . . that would be rendered superfluous if workers were able to circumvent that scheme while pursuing their FLSA rights.[38]

As we stated above, this does not mean that employees may not sue under state law for unpaid minimum wages and overtime compensation when state law provides for that cause of action; it only means that they may not sue

---

[34] *See* 29 U.S.C. § 202(a); *see also Barrentine*, 450 U.S. at 739.

[35] 29 U.S.C. § 216(b).

[36] *See ARC Am. Corp.*, 490 U.S. at 100–01.

[37] *Geier*, 529 U.S. at 886.

[38] *Anderson*, 508 F.3d at 194 (quoting *Kendall v. City of Chesapeake, Va.*, 174 F.3d 437, 443 (4th Cir. 1999)).

No. 20-60311

simultaneously under both state law and the FLSA for these violations if state law does not independently provide for such a cause of action.

Employees contend that some of their state law claims are independent of the FLSA. They assert that these claims are based entirely on Mississippi law. We disagree. Every one of Employees' claims relates to unpaid minimum wages and overtime compensation. Furthermore, even if the claims do not refer to the FLSA, they are based on the FLSA. Mississippi does not have laws governing minimum wages and overtime.[39] Courts therefore analyze these types of claims under the FLSA only. Because all of Employees' state law claims are based on violations of the FLSA, they are preempted.

In reaching this conclusion, we are guided by other circuits that have confronted the same issue. In *Anderson v. Sara Lee Corp.*, the Fourth Circuit considered whether state law claims for breach of contract, negligence, and fraud, all based on violations of the FLSA, were preempted on the basis of conflict preemption.[40] The court first noted the Secretary of Labor's broad authority to oversee distribution of unpaid wages due and to bring enforcement actions against employers.[41] It emphasized the importance that workers have a private right of action under specific circumstances.[42] The court next recognized this private right of action: A worker may petition the Secretary of Labor to commence an enforcement action—a "special feature" that would be "rendered superfluous if workers were able to circumvent that

---

[39] *See State Minimum Wage Laws*, U.S. DEP'T OF LABOR, https://www.dol.gov/agencies/whd/minimum-wage/state (last updated Jan. 1, 2021); Calandrillo & Halperin, *Making the Minimum Wage Work* at 160.

[40] 508 F.3d at 191–95.

[41] *Id.* at 192.

[42] *Id.*

No. 20-60311

scheme while pursuing their FLSA rights."[43] And when the Secretary of Labor commences an enforcement action, the employee's own right of action is terminated.[44] The court held finally that "Congress prescribed exclusive remedies in the FLSA for violations of its mandates."[45] The Act therefore precluded the plaintiff's state law claims.[46]

In *Roman v. Maietta Construction, Inc.*, the First Circuit likewise held that state law claims were precluded by the FLSA, although it did not use the terms "preemption" or "conflict."[47] In affirming the district court's judgment, the circuit court agreed that "the FLSA is the exclusive remedy for enforcement of rights created under the FLSA."[48] "That is, 'the [worker] cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state claims in addition to the FLSA claim.'"[49] Because the worker claimed minimum wage and overtime pay violations under both the FLSA and state law, his state law claim was preempted.[50]

This rule of conflict preemption in the context of redundant state law claims has been applied by district courts in this circuit. The Eastern District of Texas, for example, has concluded at least twice that claims of unjust enrichment for violating the FLSA's overtime compensation requirement were preempted because the FLSA "provides the exclusive remedy for an

---

[43] *Id.* at 194.

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] 147 F.3d at 76.

[48] *Id.*

[49] *Id.* (quoting *Tombrello v. USX Corp.*, 763 F. Supp. 541, 545 (N.D. Ala. 1991)).

[50] *Id.*

No. 20-60311

alleged violation of a wage-hour matter."[51] This ruling is consistent across the board.[52]

The Ninth Circuit has also weighed in on this issue but has concluded that certain state law claims are not preempted by the FLSA.[53] That case, however, does not at all conflict with our preemption analysis. The Ninth Circuit considered whether the workers' state law fraud claims were conflict preempted.[54] The fraud claims were based on the employer threatening the workers for considering to join a class-action lawsuit over the employer's failure to pay overtime wages.[55] The Ninth Circuit concluded that conflict preemption did not apply to the state law fraud claims because the anti-retaliation clause of the FLSA does not cover this type of fraud.[56] In the instant case, by contrast, the FLSA provides a cause of action for unpaid minimum wages and overtime compensation.[57] The Ninth Circuit's reasoning is thus consistent with our analysis and did not create a circuit split.

---

[51] *Kharb v. Ericsson, Inc.*, 2018 WL 8369848, at *8 (E.D. Tex. Nov. 5, 2018); *see also Guerrero v. JPMorgan Chase & Co.*, 2010 WL 457144, at *4 (E.D. Tex. Feb. 5, 2010).

[52] *See, e.g.*, *Wiatrek v. Flowers Foods, Inc.*, 2018 WL 3040583, *7 (W.D. Tex. June 16, 2018) ("District courts in this circuit, including this Court, have concluded that state-law claims are preempted by the FLSA to the extent the state-law claim is predicated on an alleged violation of the FLSA."); *Estraca v. Rockwater Energy Sols., Inc.*, 2016 WL 3748612, at *2 (W.D. Tex. July 7, 2016); *Newsom v. Carolina Logistics Servs., Inc.*, 2012 WL 3886127, at *3 (N.D. Miss. Sept. 6, 2012); *Coberly v. Christus Health*, 829 F. Supp. 2d 521, 525 (N.D. Tex. 2011); *Botello v. COI Telecom, L.L.C.*, 2010 WL 3784202 (W.D. Tex. Sept. 21, 2010); *Valcho v. Dallas Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802 (N.D. Tex. 2009).

[53] *See Williamson*, 208 F.3d at 1157.

[54] *Id.* at 1152–53.

[55] *Id.* at 1147.

[56] *Id.* at 1152.

[57] *See* 29 U.S.C. § 216(b).

No. 20-60311

The employees cite *Washington v. Fred's Stores of Tennessee, Inc.* for the proposition that their state law claims are not preempted. *Washington* is distinguishable and, to the extent it is not, is nonbinding. In that case, the Southern District of Mississippi held that there was no conflict or field preemption between the FLSA and state law negligence and conversion claims.[58] However, those claims "d[id] not directly overlap with the claim under FLSA."[59] That district court likely would have concluded differently if the workers had sought "overtime pay itself through either of the state law claims, as they d[id] through the claim under the FLSA."[60]

We conclude that the FLSA preempts redundant state law claims for nonpayment of minimum wages and overtime compensation by way of conflict preemption.

### B. Dismissal with Prejudice and Motion to Amend

We now turn to Employees' assertions that their complaint should not have been dismissed with prejudice and that they should have been allowed leave to amend. Employees first contend that their state law claims that do not contain a reference to the FLSA should not have been dismissed with prejudice. Mississippi does not have state labor laws governing minimum wage or overtime,[61] so it would be impossible for Employees to state a claim for wage and hour violations under state law independent of the FLSA. Furthermore, it would be impossible for Employees to state a claim under the

---

[58] 427 F. Supp. 2d 725, 729–30 (S.D. Miss. 2006).

[59] *Id.* at 729.

[60] *Id.*

[61] *See State Minimum Wage Laws*, U.S. DEP'T OR LABOR, https://www.dol.gov/agencies/whd/minimum-wage/state (last updated Jan. 1, 2021); Calandrillo & Halperin, *Making the Minimum Wage Work* at 160.

FLSA because sovereign immunity bars suit against the DOC. Their state law claims based on violations of the FLSA similarly fail because of preemption. We therefore hold that dismissal with prejudice was appropriate.

Employees next contend that they should have been allowed leave to amend. Rule 15(a) provides that leave to amend shall be freely given "when justice so requires."[62] "A district court has the discretion to consider numerous factors in evaluating whether to allow amendment, including the futility of amending, the party's repeated failure to cure deficiencies by previous amendments, undue delay, or bad faith."[63] We review a district court's denial of leave to amend for abuse of discretion.[64]

Employees provided no reasons to the district court for why they sought to amend their complaint. On appeal, they contend that they should be allowed to allege failure to supervise, manage, and implement policies consistent with the FLSA. They again cite *Washington*, insisting that they should be allowed to allege their state law conversion claim based on failure to remit federal or state withholding taxes to the government.

We will not consider assertions that were not raised in the district court.[65] Furthermore, the district court did not abuse its discretion in denying leave to amend because all of Employees' state law claims were based on violations of the FLSA which, as discussed, preempts the redundant state law claims. Employees did not present any additional facts that they would add to an amended complaint and did not attach a proposed amended

---

[62] FED. R. CIV. P. 15(A).

[63] *U.S. ex rel. Marcy v. Rowan Cos., Inc.*, 520 F.3d 384, 392 (5th Cir. 2008).

[64] *Molina–Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 784 (5th Cir. 2020).

[65] *See State Indus. Prods. Corp. v. Beta Tech., Inc.*, 575 F.3d 450, 456 (5th Cir. 2009).

No. 20-60311

complaint.[66] Finally, granting leave to amend would have been futile, because "the complaint as amended would be subject to dismissal" on the basis of preemption and sovereign immunity.[67]

\* \* \*

For the foregoing reasons, we AFFIRM all dispositions of the district court.

---

[66] *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 255 (5th Cir. 2003) (affirming denial of leave to amend where the plaintiff did not specify how a second amended complaint would differ and did not attach a proposed second amended complaint); *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (finding no abuse of discretion in the district court's denial of leave to amend where the plaintiffs failed to file an amended complaint as a matter of right or submit a proposed amended complaint in a request for leave of the court and the plaintiffs failed to alert the court as to the substance of any proposed amendment).

[67] *See Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208 (5th Cir. 2009)).