# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2021

Lyle W. Cayce
Clerk

No. 20-30546
Summary Calendar

RANDY PIGG,

*Plaintiff—Appellant*,

*versus*

THOMAS F. HARRIS, *Secretary of Department of Conservation and Natural Resources*; LOUISIANA DEPARTMENT OF NATURAL RESOURCES OFFICE OF MINERAL RESOURCES STATE MINERAL AND ENERGY BOARD,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CV-1466

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Randy Pigg, California prisoner # V46860, filed a civil suit against the Louisiana Department of Natural Resources and Secretary Thomas Harris to

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

secure mineral rights and title to property in DeSoto Parish, Louisiana, that was previously seized by the federal government. Pigg appeals the district court's dismissal of his suit for lack of subject matter jurisdiction. He also moves for appointment of counsel, an expedited appeal, and suspension of the Parsons Lease.

Pigg argues that the district court erred in dismissing his suit for lack of subject matter jurisdiction. As related to diversity jurisdiction, Pigg asserts that the Louisiana Department of Natural Resources is an independent agency and, thus, a citizen of Louisiana such that its inclusion as a defendant does not destroy diversity of the parties. As related to federal question jurisdiction, Pigg contends that he raised a colorable claim under the Takings Clause of the U.S. Constitution. He also alleges that Jeremy Evans, the DeSoto Parish Clerk of Court, impeded his constitutional right to access the courts.

We have recognized that a political subdivision of a state, unless it is simply the "arm" or "alter ego" of the state, is a citizen of the state for diversity purposes. *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1416 (5th Cir. 1996) (citing *Tradigrain, Inc. v. Miss. State Port Auth.*, 701 F.2d 1131, 1132 (5th Cir. 1983)). In determining the character of the agency, we examine the same factors used to determine whether the agency enjoys immunity under the Eleventh Amendment. *Tradigrain*, 701 F.2d at 1132. There is no indication that the Louisiana Department of Natural Resources is anything other than an arm of the state and, therefore, the district court did not err in its determination that its inclusion as a defendant destroyed diversity jurisdiction. *See* La. Rev. Stat. Ann. § 36:351; *Champagne v. Jefferson Par. Sheriff's Off.*, 188 F.3d 312, 313 (5th Cir. 1999); *PYCA Indus., Inc.*, 81 F.3d at 1416.

No. 20-30546

Federal question jurisdiction "attaches only if the complaint itself states a substantial federal claim." *Maroney v. Univ. Interscholastic League*, 764 F.2d 403, 405 (5th Cir. 1985). Pigg's own exhibit to his complaint showed that the federal government, rather than the State of Louisiana, seized his family's property. In that regard, there would be no colorable Takings Clause claim against the state defendants and, thus, the federal claim would be frivolous. *See Bell v. Hood*, 327 U.S. 678, 682-83 (1946). As to Pigg's claim regarding access to the courts, he stated unequivocally in his complaint that any action by Evans was not the focus of his lawsuit. Therefore, the district court did not err in dismissing Pigg's complaint for lack of federal question jurisdiction. *See id.*

Pigg argues that the district court erred when it did not permit him to amend his complaint so that he could raise a claim under 42 U.S.C. § 1983 and add Evans as a defendant. Pigg's conclusional assertion that the district court's ruling betrays the spirit and purpose of § 1983 is insufficient to show that the district court abused its discretion in denying the motion to amend his complaint. *See Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 878 (5th Cir. 2021). In addition, Pigg named Evans as a defendant and raised the same claims against him in another federal lawsuit and, therefore, Pigg has not shown that the district court abused its discretion in not allowing him to add Evans as a defendant in the instant suit. *See id.*

The judgment of the district court is AFFIRMED. The motions for appointment of counsel, for an expedited appeal, and for the suspension of the Parsons Lease are DENIED.