# United States Court of Appeals for the Fifth Circuit

———————————

No. 22-40436
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2024

Lyle W. Cayce
Clerk

William Dexter White,

*Plaintiff—Appellant*,

*versus*

Kourtney Ponder; Angela Smith; Iran Evans; LSB
Broadcasting, Incorporated, *improperly named* Channel 12
News; Carella Jones; Texas Board of Pardons and
Paroles,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:20-CV-336

———————————————————

Before Clement, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

William Dexter White, Texas prisoner # 00545599, is serving two concurrent life terms for the murder of two victims. He appeals the district court's judgment dismissing his action under 42 U.S.C. § 1983 against

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

various state and non-state defendants demanding declaratory and injunctive relief and an award of compensatory and punitive damages.  The state defendants included the Texas Board of Pardons and Paroles (TBPP); Ira Evans, a TBPP Parole Commissioner; and Carmella Jones, a TBPP Board Member.[1]  The non-state defendants were Kourtney Ponder, Angela Smith, and LSB Broadcasting, Inc. (LSB), which operated a local television station.

White alleged that he was advised he would receive parole on the condition that he complete a rehabilitation program.  However, after he completed the program, TBPP withdrew its decision to grant parole.  White asserted that the withdrawal was the result of a protest petition and social media campaign by Ponder (sister of one his victims) and Smith to oppose his release, and that LSB was involved in that effort.  He claimed the various defendants conspired against him to deprive him of his due process rights respecting the parole decision and to defame him, relying on both state and federal law.

TBPP, Evans, and Jones moved to dismiss the complaint under Rule 12(b)(1) & (6) of the Federal Rules of Civil Procedure lack of jurisdiction based on immunity as well as failure to state a claim.  LSB also filed a Rule 12(b)(6) motion asserting failure to state a claim.  The district court granted the motions, dismissed White's claims against all defendants, declined to exercise supplemental jurisdiction over White's state law claims, and denied White's motion for leave to amend his complaint.

We review a dismissal for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) de novo.  *Romero v. City of Grapevine, Texas*, 888 F.3d 170, 176 (5th Cir. 2018).  To survive a Rule 12(b)(6) motion,

---

[1] The spelling of Evans's and Jones's given names and their titles have been derived from their motion to dismiss.

the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Dismissals under Rule 12(b)(1) for want of jurisdiction are also reviewed de novo. *Smith v. Hood*, 900 F.3d 180, 184 (5th Cir. 2018). Such dismissals are proper when a claim is barred by immunity. *See id.* at 184-85.

The district court did not err. First, under Texas law, White has no protected liberty interest in parole. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). Thus, he cannot state a claim for the denial of due process with respect to the withdrawal of the parole decision prior to his release. *See Jago v. Van Curen*, 454 U.S. 14, 17-19 (1981); *McIntosh v. Woodward*, 514 F.2d 95, 96 (5th Cir. 1975). White's reliance on caselaw addressing revocation of parole following release, or parole systems in other states, is misplaced. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 9-10 (1979) (distinguishing revocation from the initial decision to deny parole); *Creel v. Keene*, 928 F.2d 707, 711-12 (5th Cir. 1991) (distinguishing parole laws at issue in *Greenholtz* from Texas's parole laws). His contention that the notice advising him he would receive parole if he completed a rehabilitation program created a constitutional expectancy of parole is without merit. *See Jago*, 454 U.S. at 17-19; *Sexton v. Wise*, 494 F.2d 1176, 1177-78 (5th Cir. 1974). It follows that his claims that the non-state defendants, Ponder, Smith, and LSB, conspired with state actors to deprive him of a constitutional right regarding his parole fails to state a claim. *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).

In addition, the district court correctly concluded that TBPP was entitled to Eleventh Amendment immunity, and that Evans and Jones were entitled to immunity as parole board members exercising a quasi-judicial function. *See McGrew v. Texas Board of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995); *Walter v. Torres*, 917 F.2d 1379, 1380, 1383-85 (5th Cir. 1990).

No. 22-40436

White failed to brief the district court's refusal to exercise supplemental jurisdiction over his state-law claims. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006). In any case, given the dismissal of all his federal claims, we see no abuse of discretion. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Nor has he shown that the district court abused its discretion in refusing to permit him to amend his complaint. *See Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 878 (5th Cir. 2021). Thus, the judgment of the district court is AFFIRMED.

White's motion to file an out-of-time reply to LSB's response to his motion for sanctions is GRANTED, but his incorporated motion to strike LSB's brief is DENIED. (Dkt. 122). His motion to file an out-of-time reply to the response to his motion for sanctions as to all represented parties is GRANTED. (Dkt. 141). His motions for sanctions are DENIED. (Dkt. 90, 131). With respect to his motions as to LSB only, White's contention that LSB made false assertions about the name of one of his victims—who was repeatedly identified by that name in court documents—is patently frivolous, and the point is irrelevant to any issue on appeal. His motion for sanctions against all represented parties and their counsel is likewise without merit. The position of the parties that his notice of appeal was untimely was not unreasonable given the records produced, which included discrepancies apparently attributable to the manner in which prison mail is handled.

Finally, White's pleadings both in the district court and in this court are replete with baseless allegations of fraud, criminal conduct, and ethical violations by parties and counsel. We CAUTION White that future frivolous or abusive filings will subject him to sanctions, which may include monetary sanctions or restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.