# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 24-10288
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2024

Lyle W. Cayce
Clerk

Conghua Yan,

*Plaintiff—Appellant*,

*versus*

Mark A. Taylor, *in his official capacity as Criminal District Office Investigator, Tarrant County, and in his private capacity*; Richard B. Harwell, *in his official capacity as Sergeant, Tarrant County, and in his private capacity*; David F. Bennett, *in his official capacity as Sheriff, Deputy, Tarrant County, and in his private capacity*,

*Defendants—Appellees*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-288

―――――――――――――――――――――――

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Conghua Yan filled a pro se civil complaint alleging that he filed a criminal complaint with the Tarrant County Sheriff's Department and that

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10288

the Tarrant County District Attorney did not prosecute the complaint. The defendants moved to dismiss Yan's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because Yan lacked standing to bring the complaint. The district court granted the motion to dismiss, and it dismissed the complaint for lack of jurisdiction under Rule 12(b)(1). We conduct a de novo review of dismissals under Rule 12(b)(1). *Smith v. Hood*, 900 F.3d 180, 184 (5th Cir. 2018).

Yan argues that private citizens have the right to bring failure-to-investigate and failure-to-prosecute claims based on various legal theories. Notwithstanding these arguments, the established precedent from the Supreme Court is clear that private citizens lack a judicially cognizable interest in prosecution or non-prosecution of individuals. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Lefebure v. D'Aquilla*, 15 F.4th 650, 654-55 (5th Cir. 2021). Yan also argues that the district court characterized his assertion incorrectly and that he has standing to bring a claim in the public interest, but he fails to show that he has suffered a specific injury that is "concrete and particularized" rather than speculative. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Yan has not shown that the district court erred in concluding that he lacked standing to sue the defendants for failing to prosecute alleged crimes.

Finally, Yan argues that he should have been allowed to amend his complaint. A district court's denial of leave to amend or supplement is reviewed for an abuse of discretion, and, where amendment would be futile, no abuse of discretion can be shown. *Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 878 (5th Cir. 2021). Yan has failed to suggest how any amendment to his complaint that the officials of Tarrant County failed to pursue a criminal prosecution would not be futile.

AFFIRMED.