# United States Court of Appeals for the Fifth Circuit

———————

No. 24-10585
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2024

Lyle W. Cayce
Clerk

SHEDRICK THORNTON,

*Plaintiff—Appellant*,

*versus*

TINA Y. CLINTON; JONI WHITE; TIMOTHY FITZPATRICK; CHARLEY VALDEZ,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-446

———————————————————

Before STEWART, HAYNES, and HIGGINSON, *Circuit Judges*.

PER CURIAM:[*]

Shedrick Thornton, Texas prisoner # 02463655, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 suit as frivolous pursuant to, inter alia, *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In his § 1983 pleadings, Thornton, who is presently serving a five-year sentence for violating a protective order, claimed that

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Judge Tina Y. Clinton's written judgment denied him the full credit for time served that she previously told him, during plea proceedings, that he would receive. Thornton claimed that, when the full credit to which he was entitled is taken into account, he should have been released in February 2024, and he sought damages for his ongoing period of alleged overdetention.

Through his IFP motion, Thornton challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry, therefore, "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). We review de novo the district court's dismissal of Thornton's claims as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). *See Green v. Atkinson*, 623 F.3d 278, 279-80 (5th Cir. 2010).

*Heck* requires the district court to consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the [§ 1983] complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. Thornton's attempts to circumvent the *Heck* bar are unpersuasive because his claims effectively challenge the legality of his continued incarceration pursuant to the sentence set forth in his written judgment such that a § 1983 judgment in his favor would necessarily imply his sentence's invalidity. *See id.* Although he asserts that the district court should have granted him leave to amend his complaint before dismissing it, Thornton does not meaningfully attempt to show that the district court abused its discretion by declining to do so. *See Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 878 (5th Cir. 2021).

Thornton fails to identify a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, we DENY the IFP motion and DISMISS

No. 24-10585

the appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Thornton's motion for leave to amend, his motion to show cause, and his motion to supplement the appellate record are likewise DENIED.

The district court's dismissal of this case as frivolous and our dismissal of the appeal as frivolous both count as strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Thornton has also accrued two prior strikes under § 1915(g). *See Thornton v. Pittman*, No. 23-10098, 2023 WL 3690428, at *2 (5th Cir. May 26, 2023) (unpublished). As he now has more than three strikes, Thornton is BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). He is also WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions, and he is DIRECTED to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.