# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2026

Lyle W. Cayce
Clerk

No. 25-20114

———————

Sedrick Cooper; Marquita Cooper,

*Plaintiffs—Appellants*,

*versus*

PennyMac Loan Services, L.L.C.,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-1436

———————————————————————

Before King, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Sedrick and Marquita Cooper (the "Coopers") sued PennyMac Loan Services, L.L.C. ("PennyMac"), asserting various claims under the Fair Debt Collection Practices Act ("FDCPA"), 18 U.S.C. § 1623, and the Fair Credit Reporting Act ("FCRA") related to the foreclosure of their home. The district court granted PennyMac's motion to dismiss under Federal Rule

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20114

of Civil Procedure 12(b)(6) and denied the Coopers' motion for leave to amend their complaint.

"We review the district court's grant of a motion to dismiss under Rule 12(b)(6) *de novo*." *Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

On appeal, the Coopers allege only that the district court erred by dismissing their claims under the FDCPA. They have thus abandoned any argument related to the dismissal of their claims under the FCRA and § 1623. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). The Coopers also failed to challenge the district court's conclusion that they did not sufficiently allege PennyMac was a debt collector subject to the provisions of the FDCPA. The Coopers have therefore not shown that the district court erred by dismissing their FDCPA claims. *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

The Coopers also argue the district court erred when it denied their motion to amend their complaint. But the proposed amendment did not supply information that would have corrected the deficiencies outlined by the district court in its order dismissing the complaint. As a result, the amendment would have been futile, and the district court did not abuse its discretion in denying the Coopers' motion. *See Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 878 (5th Cir. 2021).

AFFIRMED.